## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JAVIER G. HEREZI,

       Plaintiff,

v.                             Case No. 5:23-cv-646-MMH-PRL

31-W INSULATION CO., INC. and
HUNTSMAN BUILDING
SOLUTIONS LLC
(f/k/a ICYNENE-LAPOLLA),

       Defendants.

_____/

## <u>O R D E R</u>

**THIS CAUSE** comes before the Court on Plaintiff Javier G. Herezi's

Motion to Remand (Doc. 9; Motion), filed November 22, 2023. Defendant

Huntsman Building Solutions LLC (Huntsman), formerly known as Icynene-

Lapolla, responded in opposition on December 6, 2023. <u>See</u> Defendant,

Huntsman Building Solutions, LLC's Response in Opposition to Plaintiff's

Motion to Remand (Doc. 11; Response).[1] With the Court's leave (Docs. 15, 23),

---

[1] In its Response, Huntsman notes that it "has been sued under the incorrect legal entity name. The proper entity should be identified as Huntsman Building Solutions (USA) LLC, as successor in interest to ICYNENE CORP., by way of corporate combinations." <u>See</u> Response at 1 n.1. Significantly, Huntsman does not contend that it is not the proper party to this case. Rather, Huntsman's position appears to be that it is the correct entity but identified under a mistaken name. As such, this appears to be an issue of misnomer, subject to correction under Rule 15(c)(1)(C), Federal Rules of Civil Procedure(s)). Accordingly, the Court will direct the parties to confer and file a notice advising the Court whether they agree that the Court should construe the Amended Complaint (Doc. 1-1) to be amended by interlineation to name "Huntsman Building Solutions (USA) LLC, as successor in interest to

Herezi filed a reply and Huntsman filed a sur-reply. <u>See</u> Plaintiff's Reply to Defendant's, Huntsman Building Solutions, LLC, Response in Opposition to Plaintiff's Motion to Remand (Doc. 16; Reply), filed December 22, 2023; Huntsman Building Solutions, LLC's Sur-Reply in Opposition to Plaintiff's Remand Motion (Doc. 24; Sur-Reply), filed January 25, 2024.  Defendant 31-W Insulation Co., Inc. (31-W) did not respond to the Motion, and the time to do so has lapsed. <u>See</u> Local Rule 3.01(c).  Accordingly, this matter is ripe for review.

## I.     Background

Plaintiff Javier G. Herezi initiated this case against 31-W Insulation Co., Inc. (31-W) on June 10, 2020, by filing a complaint in the Fifth Judicial Circuit Court in and for Lake County, Florida. <u>See</u> Compiled State Court Filings (Doc. 1-4) at ECF p. 3.  With leave of the state court (Doc 1-4 at ECF p. 527), Herezi amended his complaint on September 13, 2023, to join Huntsman as an additional defendant. <u>See</u> Amended Complaint (Doc. 1-1) at 1.  On October 31, 2023, Huntsman filed a Notice of Removal (Doc. 1; Notice) removing this action from the state court, with 31-W's consent, and invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  <u>See</u> Notice at 3, Ex. C.  As relevant to the instant Motion, Huntsman asserts in the Notice that it "received the

Icynene Corp., by way of corporate combinations" as the Huntsman defendant in this case. Nevertheless, for purposes of resolving the instant Motion, the Court need not distinguish between these entities and will simply refer to this Defendant as Huntsman.  Indeed, while Huntsman notes the misnomer in its Response, it does not rely on this error as a basis for denying the Motion.

executed summons" on October 2, 2023, such that it timely filed the Notice within thirty days of service as required by 28 U.S.C. § 1446(b)(2)(B). Id. at 3.

## II.    Summary of the Arguments

In the Motion, Herezi moves to remand this action to state court arguing that Huntsman's removal of the action was untimely. Contrary to Huntsman's representation in the Notice, Herezi contends that Huntsman received service of process via certified mail on September 30, 2023. See Motion at 5. In support, Herezi submits records from the United States Postal Service (USPS) showing a September 30, 2023 delivery date. See Motion at 5, Exs. 2-3. As such, Herezi argues that the 30-day time period for removal expired on October 30, 2023, and Huntsman's October 31, 2023 Notice is therefore untimely. Id. In the Response, Huntsman argues that the USPS records are inaccurate and in rebuttal, submits an affidavit from a representative of Corporation Service Company (CSC), Huntsman's registered agent, who states that CSC did not receive the certified mail until Monday, October 2, 2023, when it was picked up from the USPS facility by CSC's courier. See Response at 3-5, Ex. 3. In addition, Huntsman contends that regardless of which date controls, the Notice of Removal is not untimely because Herezi's service of process on Huntsman by means of certified mail was defective under Florida law. Id. at 5-6.

In the Reply, Herezi argues that Huntsman's rebuttal evidence is insufficient, and continues to maintain that Huntsman received the certified

mail on September 30, 2023.  <u>See</u> Reply at 4-6.  Notably, Herezi does not reply to Huntsman's argument that the Notice is timely regardless of which date is correct because service via certified mail was improper.  In the Sur-Reply, Huntsman presents additional evidence in support of its contention that it did not receive the certified mail until October 2, 2023.  <u>See</u> Sur-Reply at 2-3, Ex. 1.

### III.     Applicable Law

Section 1441(a) authorizes a defendant to seek removal of a lawsuit originally brought in state court when the federal court has jurisdiction over the cause of action.  <u>See</u> 28 U.S.C. § 1441(a).  Section 1446 describes the appropriate removal procedure and requires the defendant seeking removal to file, in the appropriate federal district court, a timely notice of removal stating the grounds for removal. <u>See</u> 28 U.S.C. § 1446(a). In order to be timely, a defendant must file the notice of removal within thirty days after the receipt by the defendant (through service or otherwise) of a copy of the initial pleading setting forth the claim(s) for relief upon which the action is based.  <u>See</u> 28 U.S.C. § 1446(b).  When a civil action is removed under § 1441(a), all properly joined and served defendants must consent to the removal of the action. See 28 U.S.C. § 1446(b)(2)(A); <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective.") (citation omitted).

- 4 -

In cases with multiple defendants who were served on different dates, the thirty-day period to petition for removal or consent to removal runs from the date on which the last defendant was served.  Bailey, 536 F.3d at 1205; see also 28 U.S.C. § 1446(b)(2)(B).

Significantly, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ."  See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999).  Thus, "mere receipt of the complaint unattended by any formal service," does not trigger a defendant's time to remove.  See Bailey, 536 F.3d at 1205 (citing Murphy Bros., 526 U.S. at 347–48).  This rule is based on the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  See Murphy Bros., 526 U.S. at 347 (emphasis added).

IV.     Discussion

The question for the Court is whether Huntsman timely removed this case.  In the briefing, the parties devote the bulk of their arguments to the issue of whether Huntsman received the summons and complaint on September 30, 2023, or October 2, 2023.  However, upon review, the Court finds that it need not resolve this factual dispute.  Regardless of which date Huntsman received

the summons and complaint, Huntsman is correct that Herezi's attempt at service via certified mail was defective.  Indeed, in its Reply, Herezi makes no attempt to defend the propriety of this manner of service.  But absent formal service of process, the 30-day clock for removal did not begin.  Huntsman's removal is therefore timely.

"The removal clock does not begin before service of official process . . . ." See Burgos v. Sand Canyon Corp, 813 F. App'x 363, 366-67 (11th Cir. 2020)[2]; see also Thompson v. Deutsche Bank Nat'l Trust Co., 775 F.3d 298, 306 (5th Cir. 2014) ("In sum, we conclude that [the defendant's] removal period did not begin to run under § 1446(b) because it was never properly served."); Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.").  Thus, the Court must determine whether Herezi effectuated proper service of process on Huntsman.  To evaluate the sufficiency of process after removal, the Court looks "to the state law governing process," which in this case is Florida law.  See Hunt v. Nationstar Mortg., No. 21-10398, 2022 WL 1701487, at *3 (11th Cir. May 27, 2022) (citing Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1985)) ("When a federal court is considering the sufficiency of process after removal, it does so by looking to the state law governing process."). Moreover, "because the issue is really not one of removal, but rather is one of service, the burden is on plaintiff to show that service was proper . . . ." See Davis v. Country Cas. Ins. Co., No. 6:13-cv-513-SLB, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013).[3]

According to Herezi, it served Huntsman by sending a copy of the summons and Amended Complaint via certified and regular mail to Huntsman's registered agent. See Motion at 2, Ex. A. However, "service by certified mail is generally insufficient under Florida law." See Emerald Coast Finest Produce Co., Inc. v. QSR Grp. Three, LLC, No. 3:07cv132/RV/MD, 2007 WL 1526650, at *1 (N.D. Fla. May 24, 2007) (collecting cases). Indeed, service by mail is permissible under Florida law "only if the defendant consents and waives personal service." Id.; see also Bufkin v. Scottrade, Inc., 812 F. App'x 838, 844 (11th Cir. 2020) ("Florida law permits service by certified mail, but only if the defendant agrees to waive personal service."). But Herezi does not assert, and there is nothing in the record to suggest, that Huntsman agreed to accept service by mail or otherwise waived service prior to removal. Thus, the

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Court finds that Herezi's purported service of process on Huntsman was defective.[4] Absent proper service, the 30-day period for filing a notice of removal did not begin to run, regardless of whether Huntsman otherwise received notice of the lawsuit on September 30, 2023, as Herezi contends. See Jefferson Loft, LLC v. Constr. Enters., Inc., 7:21-cv-389-LSC, 2022 WL 20437155, at *2-3 (N.D. Ala. Feb. 3, 2022); McFadden v. CVS Pharmacy, Inc., No. 20-1715, 2020 WL 4195284, at *3-4 (E.D. Pa. July 21, 2020) ("'Actual or constructive notice of the action' does not constitute proper service; rather, a defendant must be served in accordance with the applicable rules of civil procedure." (quoting Hutton v. KDM Transp., Inc., No. 14-cv3264, 2014 WL 3353237, at *2 (E.D. Pa. July 9, 2014))); Sanders v. Florida, No. 4:15cv150-RH/CAS, 2015 WL 12570898, at *1-2 (N.D. Fla. May 1, 2015).  In light of the foregoing, Huntsman's removal is timely, and the Motion is due to be denied.[5]

---

[4] The Court notes that the defective service is not a concern in the case going forward. Following removal, Huntsman filed a motion to dismiss that does not raise the issue.  See generally Defendant, Huntsman Building Solutions, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6).  As such, Huntsman has now waived any challenge to the defective service.  See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Under [Rule] 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion.").

[5] Notably, the fact that Huntsman was not properly served does not prevent it from removing the case to this Court.  See Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) ("[N]othing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal.").

## V.        Subject Matter Jurisdiction

Although the Court finds that Huntsman satisfied the procedural requirements for removal, upon review of the record, the Court notes that it is unable to determine whether subject matter jurisdiction exists because Huntsman has failed to adequately identify its citizenship and that of Defendant 31-W.[6]  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a

---

[6] Huntsman also failed to adequately allege the citizenship of Plaintiff Javier G. Herezi. See Notice at 4.  Although Huntsman purported to allege Herezi's citizenship, it did so by reference to paragraph two of the Amended Complaint which identifies only Herezi's state of residence.  See id.; see also Amended Complaint ¶ 2.  Significantly, to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person."  Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").  Thus, Herezi's allegations of residence in the Amended Complaint are not equivalent to allegations of citizenship.  Nevertheless, Herezi filed a disclosure statement on January 5, 2024, in which he identifies himself to be a citizen of Florida.  See Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.02 (Doc. 17; Herezi Disclosure Statement).  As such, no additional information as to Herezi's citizenship is needed at this time.

given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  As stated above, Huntsman invokes this Court's diversity jurisdiction.  See Notice at 3.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)).  Thus, to sufficiently allege the citizenship of a limited liability company (LLC), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business.  See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).  Here, Huntsman asserts that "31-W is a foreign corporation organized under the laws of the State of Tennessee . . . and HBS is a foreign

corporation organized under the laws of the State of Texas." <u>See</u> Notice at 4. However, this information is insufficient to establish the citizenship of either Defendant.

As to Defendant 31-W, Huntsman fails to identify 31-W's principal place of business as is necessary to establish the citizenship of a corporation.[7]  With respect to its own citizenship, Huntsman alleges that it is a corporation and asserts that it was "organized under the laws of the State of Texas." <u>See</u> <u>id.</u> at 4.  To the extent Huntsman is a corporation, this allegation is inadequate because Huntsman again omits any information as to the principal place of business.   However, the Court questions whether Huntsman is in fact a corporation given that Huntsman is denominated as an LLC, indicating that it is actually a limited liability company.  If Huntsman is an LLC as its name reflects, then Huntsman's citizenship for purposes of diversity jurisdiction is based on the citizenship of each of its members.  Because Huntsman has not disclosed this information, the Court cannot determine Huntsman's citizenship. Absent sufficient information as to the citizenship of 31-W and Huntsman, the

---

[7] In an attempt to resolve its jurisdictional concerns, the Court reviewed the Defendant, 31-W Insulation Co., Inc. Disclosure Statement Pursuant to Fed.R.Civ.P. 7.1 and M.D. Fla. Local Rule 3.03 (Doc. 20; 31-W Disclosure Statement), filed on January 16, 2024.  In this filing, 31-W represents that it is a "citizen of the State of Tennessee." <u>See</u> 31-W Disclosure Statement at 2.  However, because 31-W does not provide the relevant information—its state(s) of incorporation and principal place of business—the Court is unable to determine whether 31-W has fully and correctly identified its citizenship for purposes of diversity jurisdiction.

Court cannot determine whether it may properly exercise diversity jurisdiction over this action.[8]

Significantly, Huntsman has failed to file the disclosure form required by Rule 7.1 and Local Rule 3.03, although the time for doing so has long expired. Proper completion and timely submission of the requisite form may have obviated the need for this jurisdictional inquiry. As such, the Court will direct Huntsman to file the necessary disclosure form and identify its citizenship in accordance with the directives of this Order.[9] In addition, to resolve the Court's jurisdictional inquiry, Huntsman must also include in its disclosure form the

---

[8] Both the Herezi Disclosure Statement and the 31-W Disclosure Statement provide the following information concerning Huntsman's citizenship:

> Huntsman Building Solutions, LLC, citizen of the State of Texas
>     Partners:
>     Phillip Mark Lister, citizen of the State of Texas
>     David M. Stryker, citizen of the State of Texas

See 31-W Disclosure Statement at 2; Herezi Disclosure Statement at 2. However, this information does not resolve the Court's jurisdictional inquiry for a number of reasons. First, to the extent Huntsman Building Solutions (USA) LLC is the correct Defendant to this lawsuit, it is unclear whether these disclosure statements referencing "Huntsman Building Solutions, LLC" provide the pertinent information. Second, it is unclear whether the reference to "partners" is meant to identify Huntsman's members. And even if so, it is unclear whether these two individuals represent all of Huntsman's members. Notably, Huntsman attaches to its Response a record from the Florida Secretary of State concerning Huntsman Building Solutions (USA) LLC which identifies these same individuals—Lister and Stryker—as "manager[s]" of Huntsman. See Response, Ex. 1. However, the term managers is not necessarily synonymous with members, and regardless, the Court needs to know the citizenship of all members of an unincorporated entity, not just its managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022.

[9] Counsel is cautioned that the Court expects timely compliance with all deadlines. Failure may result in the imposition of sanctions.

state of incorporation and principal place of business for Defendant 31-W. Accordingly, it is

**ORDERED:**

1. Plaintiff Javier G. Herezi's Motion to Remand (Doc. 9) is **DENIED**.

2. On or before **April 15, 2024**, the parties shall confer and file a notice advising the Court whether they agree that the Court should construe the Amended Complaint to be amended by interlineation to name "Huntsman Building Solutions (USA) LLC, as successor in interest to Icynene Corp., by way of corporate combinations" as the Huntsman Defendant in this action.

3. On or before **April 22, 2024**, Huntsman shall file the disclosure statement required by Rule 7.1 and Local Rule 3.03 of the United States District Court, Middle District of Florida. Huntsman must use the Disclosure Statement Form found on the Court's website here and complete the Form consistent with the directives of this Order.

**DONE AND ORDERED** in Chambers on this 28th day of March, 2024.

MARCIA MORALES HOWARD
United States District Judge

i59/lc11

Copies to:
Counsel of Record