**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JAVIER G. HEREZI,

    Plaintiff,

v.                                        Case No. 5:23-cv-646-MMH-PRL

31-W INSULATION CO., INC.,
et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Huntsman Building Solutions LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6; Motion), filed November 6, 2023. In the Motion, Huntsman requests that the Court dismiss Plaintiff Javier Herezi's Amended Complaint (Doc. 1-1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). Plaintiff timely filed a response in opposition. See Plaintiff's Response in Opposition to Defendant Huntsman Solutions LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10; Response), filed November 24, 2023. Accordingly, this matter is ripe for review.

### I. Background[1]

In December 2019, Herezi entered into a contract with 31-W Insulation Co., Inc. (31-W). See Amended Complaint ¶ 6. Pursuant to the terms of the contract, 31-W "agreed to supply and install closed-cell foam insulation of a particular type and grade" within Herezi's residence. Id. ¶¶ 6, 7. 31-W performed the work, but used "a mixture of closed-cell and open-cell foam insulation designed, manufactured, sold, or otherwise provided by" Huntsman. Id. ¶ 9. As a result of mixing these two types of foam together, the insulation installed in Herezi's home "emitted noxious gasses that caused [him] to develop extreme chemical reactivity and chemical sensitivity," see id. ¶ 47, which will require "the complete demolition and reconstruction of" his home to fix. See id. ¶ 49. Relevant here, Herezi alleges that Huntsman "knew or should have known [that] suppliers and installers would mix closed-cell and open-cell foam insulation during the reasonable course of business." Id. ¶ 45. But that Huntsman "failed to adequately warn of the dangers (i.e., structural deficiencies and emission of noxious gasses) caused by mixing closed-cell and open-cell foam insulation." Id. ¶ 46.

---

[1] In considering the Motion, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Herezi, and accept all reasonable inferences that can be drawn from such allegations. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

## II. Legal Standard

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III.   Discussion

In the Amended Complaint, Herezi asserts one claim against Huntsman under Florida law for "failure to warn." See Amended Complaint at 8. Huntsman moves to dismiss, arguing that Herezi's Amended Complaint is a shotgun pleading. Motion at 3. In the alternative, Huntsman contends that Herezi has failed to state a claim for relief under Rule 12(b)(6). Id. at 4. For the reasons discussed below, the Motion is due to be denied.

In the Motion, Huntsman argues that Herezi's "Failure to Warn claim does not specify whether the same is being brought under a strict liability or negligence theory." Id. at 3. And that because it is "difficult to determine what theory of failure to warn is being pursued" this claim should be dismissed. Id.

at 4. This argument is unavailing. Huntsman is correct that claims of strict liability and negligence present distinct theories of liability. See Redman v. Cobb Int'l, Inc., 23 F. Supp. 2d 1372, 1375 n.2 (M.D. Fla. 1998) (citing Ferayorni v. Hyundai Motor Co., 711 So. 2d 1167, 1170 (Fla. 4th DCA 1998) (noting that "Florida recognizes a distinction between strict liability for failure to warn and negligent failure to warn")).[2] However, in the Response, Herezi confirms that he is only bringing a claim for negligent failure to warn. See Response at 4–5. Based upon this representation, the Court finds that dismissal on shotgun pleading grounds is unwarranted as Herezi is not attempting to assert multiple causes of action within a single count. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322–23 (11th Cir. 2015) (describing a shotgun pleading as "one that commits the sin of not separating into a different count each cause of action or claim for relief").

Huntsman also argues that Herezi has failed to state a claim for negligent failure to warn under Rule 12(b)(6). Motion at 4. First, in a single sentence, and without citing any legal authority, Huntsman argues that "no duty is alleged" within the Amended Complaint. Id. This argument is both unsupported and unpersuasive. Generally, "a manufacturer has a duty to warn of dangerous

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

contents in its product which could damage or injure even when the product is not used for its intended purpose." High v. Westinghouse Elec. Corp., 610 So. 2d 1259, 1262 (Fla. 1992) (footnote omitted). In the Amended Complaint, Herezi alleges that Huntsman "knew or should have known [that] suppliers and installers would mix closed-cell and open-cell foam insulation" and that Huntsman failed "to warn of the dangers associated with mixing" the two together. Amended Complaint ¶¶ 45, 47. These allegations, taken as true, support a reasonable inference that Huntsman was aware of the dangers of mixing open-cell and closed-cell foam, had a duty to warn of these dangers, and failed to do so.

Next, Huntsman argues that in the Amended Complaint Herezi "does not allege [that Huntsman's] failure to warn fell below the [applicable] standard of care." Motion at 4. This argument is also unavailing. In the Amended Complaint, Herezi alleges that Huntsman "knew or should have known [that] suppliers and installers would mix closed-cell and open-cell foam insulation during the reasonable course of business." Amended Complaint ¶ 45 (emphasis added). And that as "a direct and proximate result of [Huntsman's] failure to warn of the dangers associated with mixing closed-cell and open-cell foam insulation, the foam insulation emitted noxious gasses that caused [Herezi] to develop extreme chemical reactivity and chemical sensitivity." Id. ¶ 47. These allegations raise a reasonable inference that Huntsman failed to warn of risks

that "a reasonably prudent manufacturer would have known and warned about." <u>Conner v. Marriott Hotel Servs., Inc.</u>, 559 F. Supp. 3d 1305, 1309 (M.D. Fla. 2021) (quoting <u>Ferayorni</u>, 711 So. 2d at 1172)).

For these reasons, Huntsman has failed to show that the Amended Complaint is an impermissible shotgun pleading. Moreover, the allegations in the Amended Complaint are sufficient to state a plausible claim that Huntsman can be held liable under a theory of negligent failure to warn.

Accordingly, it is

**ORDERED:**

1. Defendant Huntsman Building Solutions LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6) is **DENIED**.

2. Defendant shall respond to Plaintiff's Amended Complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers this 10th day of June, 2024.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record