# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JAVIER G. HEREZI,**

    **Plaintiff,**

v.                                                                     Case No: 5:23-cv-646-MMH-PRL

**31-W INSULATION CO., INC. and**
**HUNTSMAN BUILDING**
**SOLUTIONS (USA) LLC, as successor**
**in interest to Icynene Corp.,**

    **Defendants.**

## ORDER

Before the Court, upon referral, is a motion for a protective order ("Motion for Protective Order") and objections to Plaintiff's amended notice of deposition duces tecum served on February 4, 2025 ("Amended Notice") filed by Defendant 31-W Insulation Co., Inc. ("31-W"). (Doc. 43). 31-W has moved for a protective order and filed its objections to Plaintiff's 20 areas of inquiry and 6 duces tecum requests, arguing that the document requests in the Amended Notice were untimely under Rule 34 of the Federal Rules of Civil Procedure, and that the areas of inquiry provided in the Amended Notice were substantially different than the ones previously identified by Plaintiff's counsel when initially coordinating the deposition of its corporate representative on December 2, 2024. (*Id.* at pp. 3-8). 31-W filed its Motion for Protective Order on Friday, February 14, 2025—the day before Presidents' Day weekend, requesting that the Court enter an Order limiting the deposition of its corporate representative set for February 18, 2025 to the areas of inquiry initially requested by Plaintiff

and represented to 31-W's counsel on December 2, 2024,[1] or alternatively, to reschedule the February 18, 2025 deposition to allow 31-W to properly identify the individual who will testify on the areas of inquiry specified in the Amended Notice. (Doc. 43 at pp. 2, 8-9).

Plaintiff filed a response in opposition to 31-W's Motion for Protective Order on Presidents' Day on Monday, February 17, 2025. (Doc. 44). Plaintiff argues that pursuant to Local Rule 3.04, the document requests in the Amended Notice were timely served on February 4, 2025—14 days before the scheduled deposition of February 18, 2025. Plaintiff also argues that 31-W's objections to the areas of inquiry in the Amended Notice should be denied because such areas of inquiry are not materially different from the areas of inquiry Plaintiff's counsel initially requested on December 2, 2024. (*Id.* at pp. 3-5).

The Court notes that 31-W filed its Motion for Protective Order on Friday, February 14, 2025—the day before Presidents' Day weekend—and only a few days before the deposition of its corporate representative was scheduled to occur on Tuesday, February 18, 2025, at 10:00 a.m. via Zoom. 31-W did not style its Motion for Protective Order as an "emergency" or "time-sensitive," as contemplated by Local Rule 3.01(e), nor did it comply with the Court's Administrative Procedure for Electronic Filing, which provides that "[a]n E-filer must notify the appropriate divisional Clerk's Office when filing an emergency or time-sensitive motion." In short, 31-W's Motion for Protective Order failed to identify that it required the Court's prompt attention.

Nevertheless, given that the deposition of 31-W's corporate representative was

---

[1] According to both parties, on December 2, 2024, Plaintiff's counsel requested to take the deposition of 31-W's corporate representative designee to testify "regarding the safety policies and procedures regarding spray foam insulation installation, mixing, warnings, instructions from the manufacturer, and other procedures related to proper installation as well as the particular installation which is the subject of this case." (*Id.* at p. 3); (Doc. 44 at pp. 3-4).

scheduled for February 18, 2025, it is unclear whether the deposition has already occurred and what documents, if any, were produced at the deposition. The parties have made no effort to keep the Court apprised of the current circumstances.

Accordingly, counsel for Plaintiff and 31-W shall file a joint written notice on or before **February 24, 2025**, advising the Court whether the deposition of 31-W's corporate representative scheduled for February 18, 2025 already occurred or if the deposition has been postponed. If the parties have decided to reschedule the deposition to a later date, 31-W's counsel is **directed** to confer with Plaintiff's counsel in a good faith effort to resolve the issues in 31-W's Motion for Protective Order. If issues remain in dispute, 31-W's counsel should confer with Plaintiff's counsel either in person or via telephone, and specifically discuss each and every area of inquiry and document request that remains in dispute. The parties shall then file a joint written notice on or before **March 3, 2025**,[2] advising the Court as to whether and to what extent 31-W's Motion for Protective Order requires resolution by the Court.

The parties are reminded that they should meaningfully comply with Local Rule 3.01(g)'s good faith conferral requirement. Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must *confer* with the opposing party in a *good faith effort* to resolve the motion." *See* M.D. Fla. Local Rule 3.01(g) (emphasis added); Middle District Discovery (2021) at Section I.A.2 (noting that Local Rule 3.01(g) is strictly enforced, and defining "confer" as described in Local Rule 3.01(g) as a "substantive

---

[2] If the parties have rescheduled the deposition to an agreeable date before March 3, 2025, the parties should so advise the Court of this information in its joint written notice that is due by February 24, 2025.

discussion," in which "[m]any potential discovery disputes can be resolved []or the differences narrowed or clarified[] when counsel confer in good faith"); *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (construing "confer" in Local Rule 3.01(g) to mean "speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues"). The purpose of the Middle District's Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g).

The parties are also reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." *See* Middle District Discovery (2021) at Section I.A.1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates. The parties are encouraged to consider the principles discussed in this Order should they attempt to resolve the issues raised in 31-W's Motion for Protective Order.

**DONE** and **ORDERED** in Ocala, Florida on February 19, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties

Unrepresented Parties