UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAVIER G. HEREZI,

    Plaintiff,

v.       Case No: 5:23-cv-646-MMH-PRL

31-W INSULATION CO., INC. and
HUNTSMAN BUILDING
SOLUTIONS (USA) LLC,

    Defendants.

## ORDER

This cause comes before the Court on the Second Motion to Extend Mediation Deadline, or Alternatively, Motion for Case Management Conference ("Second Motion") filed by Defendant Huntsman Building Solutions (USA) LLC ("Huntsman") on April 4, 2025. (Doc. 59). Huntsman requests that the Court extend the April 14, 2025 mediation deadline for at least an additional 30 days so that it can depose Plaintiff's experts before mediation, or alternatively, schedule a case management conference to set deadlines for when depositions of Plaintiff's experts could be conducted. (*Id*. at p. 3).

On February 18, 2025—more than three weeks before the original mediation deadline, Huntsman filed its first Motion to Extend Mediation Deadline ("First Motion"), moving to extend the March 14, 2025 mediation deadline in the Court's Case Management and Scheduling Order and Referral to Mediation ("Scheduling Order") (Doc. 13 at p. 2) for at least 30 days so that it could depose Plaintiff's disclosed experts before mediation. (Doc. 46 at pp. 1-2). Huntsman represented that at the time of filing its First Motion, it could not depose any of Plaintiff's disclosed expert witnesses because Plaintiff's counsel did not provide

Huntsman with any available dates to schedule depositions of Plaintiff's experts. (*Id*. at p. 2). Consequently, Huntsman could not engage in a meaningful mediation at that time without taking the depositions of Plaintiff's experts to determine the scope of asserted damages. (*Id*.).

On March 6, 2025, the Court granted Huntsman's First Motion, extending the mediation deadline to April 14, 2025. (Doc. 52). The Court treated the First Motion as unopposed pursuant to Local Rule 3.01(c), as Plaintiff failed to file a response by the opposition period deadline despite objecting to the relief requested during conferral with Huntsman's counsel (Doc. 46 at p. 3). (Doc. 52). The Court noted that as of the entry date of its Order, the parties had not filed a notice of mediation to advise the Court of the date selected for mediation as required by the Scheduling Order. (Doc. 52 at p. 1). On March 10, 2025, the parties filed a Notice of Mediation, notifying the Court that they scheduled mediation on April 10, 2025, at 10 a.m. with Robert E. Doan as the mediator. (Doc. 53).

Huntsman now files the instant Second Motion six days before the scheduled mediation is set to occur on April 10, 2025, and ten days before the extended mediation deadline of April 14, 2025, seeking yet another extension of the mediation deadline in hopes that it could depose Plaintiff's experts to determine the scope of damages before engaging in a meaningful mediation or settlement conference. (Doc. 59 at p. 3). Huntsman reports that it has been unable to complete a single deposition due to the disclosed expert's schedules but that it has scheduled depositions with two retained experts set to occur on April 8, 2025 and April 17, 2025, with at least two other retained experts whose depositions still require scheduling, along with several non-retained experts for which available dates to schedule a deposition have not yet been provided. (*Id*. at pp. 2-3). Huntsman represents to the Court that Plaintiff objects to the relief requested in the Second Motion and that his objection was raised

at least two weeks after Huntsman's counsel first discussed the issue of extending the mediation deadline with Plaintiff's counsel. (*Id.* at p. 4). While the deadline for responding to the Second Motion has not yet expired, *see* Local Rule 3.01(c), the Court does not require a response to resolve this motion, as Huntsman has shown good cause to extend the mediation deadline, which is set to close in the next few days on April 14, 2025.

Accordingly, upon due consideration, Defendant Huntsman's Second Motion to Extend Mediation Deadline (Doc. 59) is **GRANTED**. The mediation deadline is extended to **May 19, 2025**. All other deadlines in the Case Management and Scheduling Order and Referral to Mediation (Doc. 13) shall remain in effect and undisturbed. No further extensions of the mediation deadline will be granted absent compelling circumstances.

The parties are reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." *See* Middle District Discovery (2021) at Section I.A.1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that the parties can't be adversarial or attorneys anything less than zealous advocates. The parties are strongly encouraged to consider the principles discussed in this Order should they need to resolve any issues related to the scheduling of depositions noted in Huntsman's Second Motion.

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on April 9, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties