UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAVIER G. HEREZI,

      Plaintiff,

v.                                     Case No: 5:23-cv-646-MMH-PRL

31-W INSULATION CO., INC. and
HUNTSMAN BUILDING
SOLUTIONS (USA) LLC,

      Defendants.

_____

### ORDER

This cause comes before the Court on a Motion to Strike Plaintiff's Expert, Robert Ketchum, or Alternatively, to Preclude Cumulative Construction Defect Testimony ("Motion to Strike Plaintiff's Expert") (Doc. 58) filed by Defendant 31-W Insulation Co., Inc. ("31-W"), and a Joint Motion to Compel Expert Depositions and for Sanctions ("Joint Motion to Compel Expert Depositions") (Doc. 62) filed by Defendants 31-W and Huntsman Building Solutions (USA) LLC ("Huntsman") (collectively, the "Defendants"). Plaintiff Javier G. Herezi filed responses in opposition to 31-W's Motion to Strike Plaintiff's Expert (Doc. 61) and Defendants' Joint Motion to Compel Expert Depositions (Doc. 63). With leave of Court (Doc. 72), 31-W filed a reply in support of the Motion to Strike Plaintiff's Expert (Doc. 73) and Joint Motion to Compel Expert Depositions (Doc. 74). For the reasons explained below, 31-W's Motion to Strike Plaintiff's Expert is due to be **denied without prejudice** and Defendants' Joint Motion to Compel Expert Depositions is due to be **granted in part**, with an amended Case Management and Scheduling Order to be issued by a separate Order.

I.  BACKGROUND

This action arises out of a contract that Plaintiff entered into with 31-W in December 2019, to install closed-cell foam insulation within Plaintiff's residence, resulting in alleged injuries to Plaintiff and damages to his property. (Doc. 1-1 at ¶¶ 6-7, 15, 21, 25, 31, 35-37, 41-42, 47-49). 31-W performed its scope of work under the terms of the contract, but purportedly used a mixture of closed-cell and open-cell foam insulation that was designed, manufactured, sold, or otherwise provided by Huntsman. (*Id.* at ¶ 9). As a result of mixing these two types of foam together, Plaintiff claims that the insulation installed in his home emitted noxious gases that caused him to develop extreme chemical reactivity and chemical sensitivity (as well as other injuries), requiring the complete demolition and reconstruction of his home to fix. (*Id.* at ¶¶ 47, 49).

In short, Plaintiff alleges that 31-W improperly installed the spray foam insulation, asserting claims for (1) breach of contract; (2) breach of implied warranty of fitness for particular purpose; (3) breach of implied warranty of merchantability; (4) negligent misrepresentation; (5) Florida Deceptive and Unfair Trade Practices Act (FDUTPA); and (5) negligence. (*Id.* at ¶¶ 12-42). As to Huntsman, Plaintiff alleges that it provided inadequate warnings on the spray foam and, therefore, failed to warn of the dangers (i.e., structural deficiencies and emission of noxious gases) caused by mixing closed-cell and open-cell foam insulation. (*Id.* at ¶¶ 43-49).

On December 11, 2023, the Court entered the Case Management and Scheduling Order and Referral to Mediation ("Scheduling Order"), establishing the following deadlines: expert reports disclosure deadline for November 18, 2024 for Plaintiff and December 27, 2024 for Defendants, with the rebuttal deadline for February 13, 2025; the mediation deadline for

March 14, 2025; the discovery deadline for June 17, 2025; the dispositive motions deadline for June 30, 2025; and a trial term beginning on December 1, 2025. (Doc. 13 at pp. 1-2). The Court later extended the expert reports disclosure deadline to February 14, 2025 for Defendants and the rebuttal deadline to March 3, 2025 (Doc. 42), and extended the mediation deadline on two separate occasions until May 19, 2025. (Docs. 52 & 60).[1]

Plaintiff timely served his Expert Witness Disclosure on November 18, 2024, disclosing 14 individuals (3 retained experts and 11 non-retained experts and skilled witnesses)[2] and 6 expert reports (3 retained expert reports and 3 non-retained expert reports). (Doc. 58 at pp. 1-2, 8-15). About three months later, on February 7, 2025, Plaintiff served a response to 31-W's Request for Production dated December 13, 2024, identifying for the first time Robert E. Ketchum, P.E. ("Ketchum"), a professional engineer, as one of his experts. (Doc. 58 at pp. 2, 29) Along with his response, Plaintiff included Ketchum's expert report dated July 5, 2024, which discussed "the cause and contributing factors of the reported construction deficiencies, delays, and cost to remediate." (Doc. 58 at pp. 39-52). 31-W then filed the instant Motion to Strike Plaintiff's Expert on March 27, 2025, seeking to strike Ketchum as an expert witness. (*See generally* Doc. 58).

---

[1] In its first Motion to Extend Mediation Deadline, Huntsman represented that at the time of filing the motion on February 18, 2025, it could not depose any of Plaintiff's disclosed expert witnesses because Plaintiff's counsel did not provide it with any available dates to schedule depositions of Plaintiff's experts. (Doc. 46 at pp. 1-2). Then, in its second Motion to Extend Mediation Deadline filed on April 4, 2025, Huntsman stated that it had been unable to complete a single deposition of Plaintiff's disclosed expert witnesses due to the expert's schedules, but that it had scheduled depositions with two retained experts (i.e., Mark Finneran, M.D. and John P. Lapotaire, CIEC) that were set to occur on April 8, 2025 and April 17, 2025, respectively, with at least two other retained experts whose depositions still required scheduling, along with several non-retained experts for which available dates to schedule a deposition had not yet been provided. (Doc. 59 at pp. 2-3).

[2] These individuals are expected to provide expert testimony in the fields of toxicology, construction, air quality, psychology, long-term care, materials science, and occupational medicine, among other things. (*See* Doc. 58 at pp. 8-15).

In hopes of resolving this case at mediation, Defendants sought to depose Plaintiff's experts[3] on the issue of alleged damages before engaging in a meaningful mediation, which was originally scheduled for April 10, 2025 (Doc. 53), and then rescheduled to May 13, 2025 (Doc. 64). Defendants made numerous attempts to schedule depositions of Plaintiff's experts with Plaintiff's counsel before the rescheduled mediation was set to occur on May 13, 2025, but the parties were unable to establish deposition dates for several experts. Defendants filed the instant Joint Motion to Compel on April 15, 2025, seeking to compel Plaintiff to provide deposition dates for all disclosed experts (including non-retained experts) that have not yet been deposed to date. (Doc. 62 at p. 4; *see* Doc. 74 at p. 4). The parties held a mediation on May 13, 2025, but they did not reach an agreement. (Doc. 75).

## II. LEGAL STANDARDS

Courts have broad discretion in managing their cases, including the management of pretrial activities, such as discovery and scheduling. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004); *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (citing *Johnson v. Bd. of Regents of Univ. Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)). Federal Rule of Civil Procedure 26 governs the discovery of expert witnesses. It requires parties to disclose each expert witness—i.e., retained and non-retained experts—that they may call at trial. *See* Fed. R. Civ. P. 26(a)(2)(A).

The distinction between whether an expert is a retained expert or a non-retained expert "turns on 'when and why an expert witness was hired,' rather than the subject of the expert's

---

[3] With respect to Plaintiff's previously disclosed experts, Defendants state that Plaintiff "disclosed several expert witnesses to support his assertion of acute and long-term physical and psychological damages" (Doc. 62 at p. 3), with many non-retained experts who will each testify to "causation, injury, and damages" as well "as to [the] reasonableness and customary nature of treatment for such injuries (Doc. 74 at p. 3).

testimony." *See Dero Roofing, LLC v. Triton, Inc.*, 344 F.R.D. 566, 571 (M.D. Fla. 2023) (quoting *Cedant v. United States*, 75 F.4th 1314, 1324 (11th Cir. 2023)). As defined by the Federal Rules of Civil Procedure, a retained expert is a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *See* Fed. R. Civ. P. 26(a)(2)(B). Disclosures for retained experts are subject to the requirements under Rule 26(a)(2)(B), which requires, among other things, a written report containing a complete statement of the expert's opinions and basis for such opinions, the facts or data used when forming their opinions, and any exhibits that will be used to summarize or support their opinions. *See id.* The disclosures for non-retained experts, on the other hand, are subject to Rule 26(a)(2)(C), which does not require a written report to be provided but requires the disclosing party to summarize the subject matter of the expert's testimony, the opinions they will offer, and the facts on which their opinions are based. *See* Fed. R. Civ. P. 26(a)(2)(C).

## III.    DISCUSSION

In essence, this discovery dispute concerns Plaintiff's alleged failure to timely disclose Ketchum as an expert and counsel's alleged failure to coordinate deposition dates of Plaintiff's experts (including non-retained experts) with Defendants. First, the Court will turn to 31-W's Motion to Strike Plaintiff's Expert, then it will address Defendants' Joint Motion to Compel Expert Depositions.

### A. Motion to Strike Plaintiff's Expert, Robert Ketchum, or Alternatively, to Preclude Cumulative Construction Defect Testimony

In the Motion to Strike Plaintiff's Expert, 31-W requests that the Court strike Ketchum as Plaintiff's expert on the grounds that he was untimely disclosed as an expert pursuant to

Rule 26(a)(2)(B), or alternatively, to exclude Ketchum's expert testimony from trial under Federal Rule of Evidence 403 because his opinions are cumulative to Plaintiff's previously disclosed expert, Thomas Younger ("Younger"). (Doc. 58).

       **i.**    **Disclosure of Expert Robert Ketchum**

31-W argues that Ketchum should be stricken as Plaintiff's expert under Rule 26(a)(2)(B) because despite naming Ketchum as an expert in response to 31-W's Request for Production on February 7, 2025, Plaintiff failed to disclose him as an expert by the expert report disclosure deadline that passed on November 18, 2024. (Doc. 58 at p. 3). 31-W further contends that should Plaintiff argue that Ketchum was timely disclosed as a rebuttal witness, Ketchum should not be designated as a rebuttal witness because Plaintiff failed to serve a rebuttal expert witness disclosure, disclosing Ketchum as a rebuttal expert by the expert report rebuttal deadline that passed on March 3, 2025. (*Id.*). In opposition, Plaintiff argues that the untimely disclosure of Ketchum as an expert is harmless because even though his counsel inadvertently omitted Ketchum from his Expert Witness Disclosure, counsel sent a copy of Ketchum's expert report to Defendants three months before the expert report disclosure deadline on August 1, 2024. (Doc. 61 at p. 6). 31-W replied to Plaintiff's opposition, indicating that counsel for both Defendants did not receive an email from Plaintiff's counsel with Ketchum's expert report on August 1, 2024, because counsel sent the email to the wrong email addresses. (Doc. 74 at pp. 1-2).

Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See* Fed. R. Civ. P. 26(a)(2)(A). In particular, a party must make expert disclosures "at the times and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(D). As noted

above, disclosures for retained experts are subject to the requirements under Rule 26(a)(2)(B), which requires, among other things, a written report containing a complete statement of the expert's opinions and basis for such opinions, the facts or data used when forming their opinions, and any exhibits that will be used to summarize or support their opinions. *See* Fed. R. Civ. P. 26(a)(2)(B). The expert disclosure requirement in Rule 26(a)(2) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross[-]examination and perhaps arrange for expert testimony from other witnesses." *See OFC Fitel, LLC v. Epstein, Becker and Green P.C.*, 549 F.3d 1344, 1361-62 (11th Cir. 2008) (citation omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citation omitted).

If a party fails to comply with Rule 26(a) by not providing information or identifying a witness, then that party is not permitted to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) (indicating that an untimely expert disclosure may be excluded under Rule 37). To determine whether a non-disclosure or delayed disclosure was substantially justified or harmless, courts consider the following factors: (1) the surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012) (citations omitted). The party that is alleged to have violated Rule 26 bears the burden of establishing that its noncompliance was substantially justified or harmless. *See*

*Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). The Court has broad discretion in determining whether a failure to disclose information or a witness is substantially justified or harmless under Rule 37(c)(1). *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019); *see also Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-ORL-41EJK, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019) ("In general, excluding expert testimony is viewed as a 'drastic' sanction requiring careful consideration.") (citation omitted).

In this case, Plaintiff's untimely disclosure of Ketchum as an expert and his expert report is harmless. Plaintiff states that he emailed Ketchum's report to Defendants on August 1, 2024, more than three months before Plaintiff's expert disclosure deadline, but inadvertently omitted Ketchum from his list of experts in his Expert Witness Disclosure served on November 18, 2024. (Doc. 61 at p. 3). 31-W indicates that it did not receive Ketchum's expert report on August 1, 2024, because Plaintiff's counsel sent the report to the incorrect email addresses, which closely resemble the email addresses of Defendants' counsel. (Doc. 73 at p. 2). Although Plaintiff did not disclose Ketchum as an expert until three months after the expert disclosure deadline, he provided 31-W with Ketchum's report more than four months before the discovery deadline and about ten months before trial, giving 31-W adequate time to conduct any necessary discovery. *See Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (finding that the district court's decision to permit an expert report to be submitted after the deadline, but approximately eight months before the start of trial, was not an abuse of discretion); *Mulas v. Westchester Surplus Lines Ins. Co.*, No. 2:24-cv-00534-SPC-KCD, 2025 WL 1331955, at *4 (M.D. Fla. May 7, 2025) (explaining that plaintiff's Rule 26 violation was harmless because, in part, defendant could cure the deficiency of an untimely disclosure through additional discovery, with four months remaining in

discovery as sufficient); *Hancharou v. Pitchford*, No. 6:19-cv-662-ORL-40LRH, 2020 WL 8839532, at *3 (M.D. Fla. Feb. 21, 2020) (finding that defendant's untimely disclosure of an expert report was harmless because the expert report was disclosed more than two months before the discovery deadline and more than seven months before trial). Further, any unfair prejudice to Defendants caused by Plaintiff's untimely disclosure of Ketchum as an expert can be largely cured by requiring Plaintiff to modify his existing Expert Witness Disclosure, amending the Court's case management deadlines (as set forth more below), and allowing Defendants an opportunity to depose Ketchum before trial. *See Ellison v. Windt*, No. 6:99-cv-01268-ORL-KRS, 2001 WL 118617, at *3 (explaining that a belated disclosure of the expert's report was harmless if the opposing party was given an opportunity to depose the expert before trial). On balance, the Court finds the untimely disclosure of Ketchum as an expert and his expert report to be harmless.

Moreover, because it is unclear whether Ketchum was timely and properly disclosed as a rebuttal expert witness,[4] as the parties did not provide the Court with enough information to make a determination on this issue, the Court declines to address whether Ketchum should be stricken as a rebuttal expert witness at this time.

### ii.   Expert Testimony of Robert Ketchum

In the alternative, 31-W argues that Ketchum's testimony should be excluded under Federal Rule of Evidence 403 because his opinions are cumulative of the testimony offered by Younger, who is expected to testify at trial on Plaintiff's asserted property damage,

---

[4] 31-W indicates that they did not receive Plaintiff's Rebuttal Expert Witness Disclosure (Doc. 58 at p. 3), but Plaintiff states that he timely provided 31-W with the Rebuttal Expert Witness Disclosure, in which he disclosed Ketchum as a rebuttal expert witness (Doc. 61 at pp. 4, 12; *see* Doc. 63 at p. 2). Notably, 31-W did not address this issue in its reply. (*See* Doc. 73). Neither party provided the Court with a copy of Plaintiff's Rebuttal Expert Witness Disclosure to review.

devalued property, and economic losses stemming from the alleged contamination of Plaintiff's residence. (Doc. 58 at pp. 4-5). Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Courts have broad discretion in controlling the evidence presented at trial, including the decision of whether to exclude cumulative evidence, such as the testimony of a proposed expert. *See Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005); *see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005).

While Rule 403 allows the Court to exclude cumulative evidence, excluding Ketchum's testimony at this juncture in the litigation would be premature. *See McClain v. Metabolife Intern., Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2002) ("Without a finding of bad faith or gamesmanship on the eve of trial, many courts are loathe to invoke the strong medicine of precluding expert testimony.") (citation omitted). Such rulings are best made at trial, "so that the Court can ascertain whether the evidence is cumulative of other admissible evidence in the proper context." *See Safranek v. Wal-Mart Stores, Inc.*, No. 07-61533-CIV, 2010 WL 11505264, at *2 (S.D. Fla. July 15, 2010). Before trial, whether an expert's testimony may be cumulative is largely speculative, "given the fact that no testimony has been adduced." *See id.* (citing *Parker v. Moran Towing Corp.*, No. 3:01-cv-1011-J-32TEM, 2003 WL 25781420, at *2 (M.D. Fla. Jan. 14, 2003)). In this instance, because it appears that the deposition testimony of Ketchum has not yet been taken, the Court cannot determine whether his

testimony is cumulative of Younger's testimony.[5] *See Parker*, 2003 WL 25781420, at *2 (denying plaintiff's motion to strike defendant's expert as premature on the grounds that without the depositions of the experts, the court could not determine whether the expert's testimony was cumulative). Accordingly, the Court denies this portion of 31-W's Motion to Strike Plaintiff's Expert as premature and will not exclude Ketchum's testimony as needlessly cumulative.

31-W may re-raise its objection to the cumulative nature of Ketchum and Younger's testimony at the time of trial, should it occur, if it believes it is appropriate to do so at that point in time. *See Safranek*, 2010 WL 11505264, at *2.; *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 4225947, at *2 (S.D. Fla. Oct. 21, 2010) (citation omitted).

## B. Joint Motion to Compel Expert Depositions and Sanctions

Next, in the Joint Motion to Compel Expert Depositions, Defendants request that the Court (1) compel Plaintiff to provide deposition dates for all disclosed experts (including non-retained experts) that have not yet been deposed to date, or alternatively, to strike the experts that Plaintiff requires Defendants to subpoena; (3) extend the mediation deadline or other relevant deadlines to accommodate the scheduling and preparation for the proposed depositions; and (3) sanction Plaintiff under Rule 37(a)(5) for requiring Defendants to file the Joint Motion to Compel and reply, including reasonable attorneys' fees and costs incurred in seeking compliance. (Doc. 62 at p. 4; Doc. 74 at p. 4).

---

[5] Based on the parties' filings, it is unclear whether 31-W has taken a deposition of Younger to date.

### i.    Expert Depositions

First, Defendants ask the Court to compel Plaintiff to provide deposition dates for all disclosed experts (including non-retained experts) that have not yet been deposed. (Doc. 62 at p. 4; Doc. 74 at p. 4). Defendants contend that they have attempted to coordinate depositions of Plaintiff's non-retained experts since December 2024,[6] more than six months before the discovery deadline, without much success. (*See* Doc. 62 at p. 1; Doc. 74 at p. 2). Defendants complain that Plaintiff's counsel has not been cooperative in providing dates to schedule depositions of Plaintiff's experts. Plaintiff points the blame at Defendants, asserting that he should not be penalized for Defendants' failure to coordinate deposition dates, and that Defendants did not agree on many of the dates provided. (*See* Doc. 63 at p. 3). Defendants indicate that Plaintiff's counsel will no longer coordinate or provide deposition dates to Defendants' counsel, as Plaintiff's counsel advises that Plaintiff's remaining non-retained experts will need to be served with a subpoena for a deposition since they are not retained experts. (Doc. 74 at pp. 2-3; *see* Doc. 63 at p. 3).

Rule 26 allows a party to "depose any person who has been identified as an expert whose opinions may be presented at trial" after the expert's report has been provided. *See* Fed. R. Civ. P. 26(b)(4)(A); *see also* Fed. R. Civ. P. 30(a)(1) (allowing a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)"). Rule 30 allows for depositions of witnesses and requires a party seeking to depose a witness to give written

---

[6] More specifically, Defendants' counsel states that they requested deposition dates with Plaintiff's counsel for all experts, starting on December 13, 2024, with documented follow-up requests for deposition dates (in addition to undocumented follow-up requests via phone calls) of all experts beginning on January 12, 2024. (*See* Doc. 74 at p. 2). Defendants' counsel states that in total, they have made at least 10 requests to Plaintiff's counsel for depositions of Plaintiff's experts. (*See* id.).

notice of the deposition. *See* Fed. R. Civ. P. 30(b)(1). "However, if a non-party expert does not consent to appear, a subpoena under Rule 45 is required." *Critchlow v. Sterling Jewelers Inc.*, No. 8:18-cv-96-T-30JSS, 2019 WL 13062637, at *1 (M.D. Fla. Jan. 7, 2019) (citing *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456, at *2 (S.D. Fla. Jan. 19, 2009)); *see* Fed. R. Civ. P. 30(a)(1) (providing that the attendance of witnesses "may be compelled by subpoena under Rule 45"); *see generally* Fed. R. Civ. P. 45.

Here, Defendants have not offered a sufficient legal basis for the Court to compel Plaintiff to provide deposition dates for his experts, who have not yet been deposed. While the Court has the "inherent power to control the proceedings and conduct of the parties and counsel," the Middle District of Florida fully expects parties to coordinate and conduct discovery "with a spirit of cooperation and civility." *See Yaeger v. Hartford Ins. Co. of the Midwest*, No. 8:13-cv-428-T-35MAP, 2014 WL 12634925, at *1 (M.D. Fla. Feb. 27, 2024); Middle District Discovery (2021) at Section I.A.1; (*see also* Doc. 60). With respect to scheduling discovery, "[a]n attorney shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses." *See* Middle District Discovery at Section I.A.3. As to scheduling depositions, as a general policy and practice in this district, an "attorney should normally pre-arrange a deposition with opposing counsel before serving the notice[,] [but] [i]f this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling." *See id.* at Section II.A.1. When such efforts to schedule depositions fail, "counsel should resort to the formal procedures available in the Federal Rules of Civil Procedure." *See Yaeger*, 2014 WL 12634925, at *1; *see also* Fed. R. Civ. P. 30(a)(1), 30(b), & 45.

Based on their representations, Defendants did not resort to the formal procedures available in the Federal Rules of Civil Procedure after their attempts to schedule depositions of Plaintiff's experts failed. Defendants' efforts to schedule depositions of Plaintiff's experts (including non-retained experts) consist of multiple requests and follow-ups for available dates with Plaintiff's counsel dating back to December 2024. Defendants acknowledge that they did not notice the depositions of several non-retained experts under Rule 30 prior to filing their Joint Motion to Compel Expert Depositions and reply in support thereof. (*See* Doc. 74 at p. 2) ("To date[,] the Defendants have either completed, noticed[,] or coordinated each of the Plaintiff's RETAINED experts and *some* NON-RETAINED EXPERTS for deposition. However, the hope and intent of the Defendants was to complete these depositions in advance of mediation[,] which cannot happen now[,] given the untenable position the Plaintiff has taken on NON-RETAINED experts.") (emphasis added); *see also* Fed. R. Civ. P. 30(b)(1). While the parties attempted to schedule a convenient time and date for the depositions of several non-retained experts, no date was ever selected for those experts, and no notice was given to them. *See Hotel Mgmt. Grp., Inc. v. CC, LLC*, No. 6:07-cv-488-ORL-22DAB, 2008 WL 1990666, at *1 (M.D. Fla. May 5, 2008) ("Here, although the parties attempted to negotiate an acceptable time and date for the depositions, no date was ever selected, and no notice was given. As such, there is nothing for the Court to 'compel.'"); *see also* Middle District Discovery at Section II.A.1 (stating that when it is not possible to pre-arrange a deposition with opposing counsel, "counsel may unilaterally notice the deposition while at the same time indicating a wiliness to be reasonable about any necessary rescheduling."). Further, there is no indication that Defendants attempted to serve a subpoena on any of Plaintiff's experts (including his

non-retained experts) to ensure their timely appearance at a deposition. *See* Fed. R. Civ. P. 30(a)(1) ("[A] deponent's attendance may be compelled by subpoena under Rule 45.").

Though the Middle District of Florida prefers cooperation among the parties when scheduling depositions of expert witnesses, and arguably Plaintiff's counsel was uncooperative in scheduling deposition dates of these individuals, which is contrary to the district's discovery practices as set forth in the Handbook on Civil Discovery Practice, there is "nothing in the [Federal] Rules [of Civil Procedure that] requires an opposing party's consent to a deposition date." *See Hill v. Tai Nhu Tran*, No. CV 16-00102-WS-N, 2016 WL 11028264, at *1 (S.D. Ala. Nov. 15, 2016) (denying defendants' motion to compel depositions of plaintiff's expert witnesses or, in the alternative, motion to strike plaintiff's experts, noting that defendants only attempted to depose plaintiff's experts by issuing deposition notices). Defendants have not provided any legal authority to the contrary, nor have they sufficiently established that Plaintiff is intentionally hiding witnesses or otherwise preventing any witnesses from being properly served to necessitate the Court's intervention at this time. *See McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-ORL-28JGC, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006) (ordering defendants' counsel to provide plaintiffs with available dates for depositions of witnesses whom defendants may have been hiding "by refusing to disclose when they will be in the United States and where process may be served"); *see also Blue Heron Com. Grp., Inc. v. Webber*, No. 2:18-cv-467-FTM-29CM, 2018 WL 6045252, at *3 (M.D. Fla. Nov. 19, 2018) ("Thus, although the Court may not grant [p]laintiff's motion to compel at this time, if [d]efendants continue to obstruct the scheduling of their depositions [p]laintiff may serve Rule 30 notice and file a renewed motion to compel if [d]efendants fail to appear in response to the notices.").

While depositions can be essential to the discovery of relevant facts and the acquisition of key admissions from witnesses, and better communication between counsel would have allowed the parties to coordinate and conduct discovery in a more efficient manner, Defendants could have effectively resolved such issues concerning the scheduling and taking of depositions of Plaintiff's experts without the involvement of the Court had they resorted to the formal procedures available in the Federal Rules of Civil Procedure.

### ii.    Case Management Deadlines

Defendants request that the Court extend the mediation deadline and any other relevant case management deadlines to accommodate the scheduling and preparation for the proposed depositions of Plaintiff's experts. (Doc. 62 at p. 4; Doc. 74 at p. 4). Although Defendants do not specify the requested length of the extensions, they indicate that the extensions are necessary because of difficulty in scheduling expert depositions and maintain that they need additional time to depose some of Plaintiff's experts.

Courts have broad discretion in managing their cases, including discovery and scheduling. *See Mut. Serv. Ins. Co.*, 358 F.3d at 1322; *Chrysler Int'l Corp.*, 280 F.3d at 1360 (citing *Johnson*, 263 F.3d at 1269). Rule 16 requires a showing of good cause for modification of a court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-ORL-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010) (citation omitted).

While the Court recognizes a certain lack of diligence on the part of Defendants' counsel, considering the issues presented above as to Defendants' Joint Motion to Compel, it is clear that Defendants need additional time to obtain discovery. A review of the Joint

Motion to Compel shows that Defendants need to take several more depositions of Plaintiff's experts. Given the posture of this case, the complexity of issues, and the lack of cooperation from Plaintiff's counsel in scheduling deposition dates, the Court finds good cause to extend the discovery deadline and all remaining deadlines by about 60 days. However, the Court will not extend the mediation deadline because the parties already mediated on May 13, 2025 (Doc. 75), and there are no compelling circumstances present that warrant a further extension of the mediation deadline (*see* Doc. 60).

Counsel for Defendants are forewarned that, absent extenuating circumstances, the Court is not inclined to grant any further extensions, and they should act diligently in scheduling and conducting the depositions of Plaintiff's remaining experts. Given the new case management deadlines, the Court expects the parties to cooperate with each other in completing discovery, conduct themselves with deference to the judicial process, and abide by the new case management deadlines set forth in the amended Case Management and Scheduling Order, which will be issued by a separate Order.

### iii.    Sanctions

As a final matter, Defendants request sanctions against Plaintiff in the form of attorney's fees associated with bringing the Joint Motion to Compel Expert Depositions and its reply under Rule 37(a)(5). (Doc. 62 at p. 4; Doc. 74 at p. 4). Because the motion is due to be granted in part and denied in part, Rule 37(a)(5)(C) applies. Rule 37(a)(5)(C) provides that if a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *See* Fed. R. Civ. P. 37(a)(5)(C); *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472 (M.D. Fla. 2008) (noting that awards of attorney's fees are discretionary under Rule 37(a)(5)(C)). In

light of the Court's decision to extend the discovery deadline and other relevant case management deadlines, an award of attorney's fees is unjust at this time. Thus, Defendants' request for attorney's fees is denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that:

(1)    Defendant 31-W Insulation Co., Inc.'s Motion to Strike Plaintiff's Expert, Robert Ketchum, or Alternatively, to Preclude Cumulative Construction Defect Testimony (Doc. 58) is **DENIED without prejudice**.

(2)    Defendants' Joint Motion to Compel Expert Depositions and for Sanctions (Doc. 62) is **GRANTED in part** and **DENIED in part**.

(3)    An amended Case Management and Scheduling Order with the new case management deadlines will be issued by a separate Order.

**DONE** and **ORDERED** in Ocala, Florida on June 16, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 18 -