UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAVIER G. HEREZI,

    Plaintiff,

v.                                              Case No: 5:23-cv-646-MMH-PRL

31-W INSULATION CO., INC. and
HUNTSMAN BUILDING
SOLUTIONS (USA) LLC,

    Defendants.
_____

**ORDER**

This cause, upon referral, comes before the Court on a Joint Motion for Approval of Attorney Fee Division Pursuant to Rule 4-1.5(f)(4)(D), Rules Regulating the Florida Bar ("Joint Motion") filed by Plaintiff's counsel. (Doc. 94). In the Joint Motion, Plaintiff's counsel states that Plaintiff Javier G. Herezi has been jointly represented in this action by attorneys from two different law firms—Wooten, Kimbrough, Damaso & Dennis, P.A. ("Wooten") and Fisher Rushmer, P.A. ("Fisher Rushmer")—and requests that the Court authorize the division of attorneys' fees between counsel from Wooten and Fisher Rushmer, with 60% to Wooten and 40% to Fisher Rushmer pursuant to Rule 4-1.5(f)(4)(D) of the Rules Regulating the Florida Bar. (*Id.* at pp. 1-3). Upon due consideration, the Joint Motion is due to be granted.

I.  **BACKGROUND**

Plaintiff initiated this action in the Fifth Judicial Circuit Court in and for Lake County, Florida, on June 10, 2020. (Doc. 1-4 at p. 3; Doc. 1-3). On October 23, 2023, counsel for Plaintiff, Michael J. Damaso, II, Esq. ("Damaso") of Wooten and John Edwin Fisher, Esq. ("Fisher") of Fisher Rushmer, entered into an agreement with the Plaintiff for authority to represent the Plaintiff. (*See* Doc. 94-1). Defendant Huntsman Building Solutions (USA) LLC ("Huntsman"), with the consent of Defendant 31-W Insulation Co., Inc. ("31-W"), removed the matter to this Court on October 31, 2023. (Doc. 1).

In this personal injury and property damage action, Plaintiff alleged that 31-W improperly installed the spray foam insulation, asserting claims for (1) breach of contract; (2) breach of implied warranty of fitness for particular purpose; (3) breach of implied warranty of merchantability; (4) negligent misrepresentation; (5) Florida Deceptive and Unfair Trade Practices Act (FDUTPA); and (5) negligence. (Doc. 1-1 at ¶¶ 12-42). As to Huntsman, Plaintiff alleged that it provided inadequate warnings on the spray foam and failed to warn of the dangers (i.e., structural deficiencies and emission of noxious gases) caused by mixing closed-cell and open-cell foam insulation. (*Id*. at ¶¶ 43-49).

On September 4, 2025, Plaintiff filed a Notice of Resolution, advising the Court that the parties reached a settlement in this matter. (Doc. 90). Based on that notice, the Court administratively closed the case on September 5, 2025. (Doc. 91). The parties have yet to finalize their formal settlement agreement or file a joint stipulation for dismissal.

Plaintiffs' counsel, Damaso and Fisher, now file the instant Joint Motion, asking the Court to authorize the division of attorneys' fees between Wooten and Fisher Rushmer pursuant to Rule 4-1.5(f)(4)(D) of the Rules Regulating the Florida Bar. (Doc. 94).

**II.   LEGAL STANDARDS**

Rule 4-1.5(f)(4) of the Rules Regulating the Florida Bar governs contingent fee compensation in cases involving claims for personal injury, property damage, products liability, or death or loss of services from personal injuries caused by the tortious conduct of another. *See Wright v. Ford Motor Co.*, 982 F. Supp. 2d 1292, 1294 (M.D. Fla. 2013); *see generally* Fla. R. Prof. Cond. 4-1.5(f)(4). In such cases, there are restrictions on the way in which attorneys from different law firms may divide contingency fees. *See Wright*, 982 F. Supp. 2d at 1294. When lawyers in different firms divide a contingency fee, the lawyer assuming primary responsibility for the legal services typically must receive a minimum of 75% of the total fee, and the lawyer assuming secondary responsibility may receive no more than 25%. *See* Fla. R. Prof. Cond. 4-1.5(f)(4)(D)(i)-(ii). However, where two or more lawyers or firms accept "substantially equal active participation" in the litigation, the attorneys may petition the court for authorization to divide the fee differently. *See* Fla. R. Prof. Cond. 4-1.5(f)(4)(D)(iii). In these cases, Rule 4-1.5(f)(4)(D)(iii) specifically permits courts to "authoriz[e] . . . the fee division in excess of 25%." *See id*.

Rule 4-1.5(g) allows a division of attorney's fees between lawyers in different firms only if the total fee is reasonable and the fee division is based on the proportion of services each lawyer performs, or if there is a written agreement with the client in which each lawyer assumes joint legal responsibility for the representation, agrees to be available for consultation with the client, and discloses that a division of fees will be made and the basis for dividing the fee. *See* Fla. R. Prof. Cond. 4-1.5(g).

The Comment to Rule 4-1.5 states it is the trial court's responsibility when reviewing an application for authorization of a fee division under Rule 4-1.5(f)(4)(D)(iii) to determine if

a co-counsel relationship exists in that particular case. *See* Fla. R. Prof. Cond. 4-1.5 cmt.; *Wright*, 982 F. Supp. 2d at 1294 ("[T]he determinative factor in the court's consideration is whether the lawyers have . . . established a co-counsel relationship.") (citing Fla. R. Prof. Cond. 4-1.5 cmt.). To determine whether a co-counsel relationship exists, the court should assess whether the lawyers have established a "special partnership agreement" in that particular case or matter that provides for a sharing of services or responsibility upon which the fee division is based. *See* Fla. R. Prof. Cond. 4-1.5 cmt. A co-counsel relationship exists where a division of responsibilities may include, but are not limited to, situations "where the lawyers agree to divide the legal work and representation based on their particular expertise in the substantive areas of law involved in the litigation" or "where the lawyers agree to divide the legal work and representation along established lines of division, such as liability and damages, causation and damages, or other similar factors." *See id*. If the court determines that a co-counsel relationship exists, the court does not have any responsibility to review or approve he specific amount of the fee division. *See id*.

## III. DISCUSSION

The moving attorneys, Damaso and Fisher—both of whom have appeared in this case—request that the Court authorize the division of fees between counsel pursuant to Rule 4-1.5(f)(4)(D), with 60% to Wooten and 40% to Fisher Rushmer. (Doc. 94 at pp. 1-3). As the fee-sharing agreement at issue proposes to split fees between Wooten and Fisher Rushmer at a 60%-40% ratio, which departs from the standard apportionment rule of a 75%-25% ratio, counsel requires court approval for the division of fees under Rule 4-1.5(f)(4)(D)(iii).

"To be valid, the attorneys' petition [for the fee division] must (1) be a sworn petition signed by all counsel; (2) disclose in detail those services to be performed; (3) contain a

certificate showing service on the client; and (4) be timely filed." *Navelski v. Int'l Paper Co.*, No. 3:14-cv-445/MCR/CJK, 2015 WL 13652759, at *2 (N.D. Fla. Jan. 8, 2015) (citing Fla. R. Prof. Cond. 4-1.5(f)(4)(D)(iii)) (internal quotation marks omitted); *see Wright*, 982 F. Supp. 2d at 1294-95 (discussing the procedural and substantive requirements set forth under Rule 4-1.5(f)(4)(D)(iii)). In terms of the timing of the petition, the Comment to Rule 4-1.5 states that where attorneys petition for the fee division after litigation has already commenced, "approval of the fee division should be sought within a reasonable period of time after the need for court approval of the fee division arises." *See* Fla. R. Prof. Cond. 4-1.5 cmt.

Plaintiff's counsel, each with a different firm, represent that they "both assumed joint responsibility for the representation of Plaintiff," the division of fees is "justified and reasonable" to the services performed by each firm, and that Plaintiff has been fully informed of the agreement, consented to the agreement, and has no objection to the proposed division of fees. (*See* Doc. 94 at pp. 2-3). Both Damaso and Fisher have signed the Joint Motion (*see id*. at p. 4), and it is timely filed because it was filed within "a reasonable period of time after the need for court approval of the fee division [arose]." *See* Fla. R. Prof. Cond. 4-1.5 cmt; *Hardy v. Knoul*, No. 6:19-cv-1337-ORL-40LRH, 2020 WL 13095122, at *1-2 (M.D. Fla. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 13104638 (M.D. Fla. Aug. 31, 2020) (determining that counsel's petition for authorization of a fee division, which was filed after the court had administratively closed the case based on the parties' settlement, was timely filed); *see also K.S. v. Sch. Bd. of Orange Cnty.*, No. 6:23-cv-616-UAM, 2025 WL 1068858, at *2 (M.D. Fla. Apr. 4, 2025) ("[T]he belated nature of the application [for approval of the fee arrangement] is not a basis for denying it."); *Frank v. Kohl's Dep't Stores, Inc.*, No. 19-14134-CIV, 2020 WL 1884709, at *2 (S.D. Fla. Apr. 6, 2020) ("To deny [the ex parte motion for

order approving attorneys' fees contract] now on timeliness grounds would be unfair given that much work was done culminating in the case's settlement[.]").

Further, the Joint Motion provides a sufficient level of detail on the services performed by each of the two firms. *See Hardy*, 2020 WL 13095122, at *2 (finding that the petition provided in detail the services performed by each attorney in the case); *Wright*, 982 F. Supp. 2d at 1295 (discussing the services each attorney provided in detail in an *ex parte* hearing); *Murray v. Ford Motor Co.*, No. 5:08-cv-86/RS/EMT, 2008 WL 4876852, at *1 (N.D. Fla. Nov. 3, 2008) (noting "the representation made in [sic] the petition" regarding the efforts of both attorneys). Specifically, the Joint Motion indicates that "Wooten took the lead on the entire case, especially the personal injury claims, including investigation, liability development, damages evaluation, litigation, and negotiation, [and] also assist[ed] in the property damage aspects of the case." (Doc. 94 at pp. 2-3). While Fisher Rushmer, on the other hand, "took the lead on the property damage claims, including insurance coverage analysis, property inspections, and related litigation tasks, [and] also assist[ed] in the personal injury aspects of the case." (*Id*. at p. 3).

Although the Joint Motion does not include a certificate showing that it was served on Plaintiff, courts in this district have explained that "technical defects in a petition seeking approval of a fee agreement are not fatal if the attorneys have established a co-counsel relationship." *See McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 4785077, at *1 (M.D. Fla. Aug. 17, 2020) (citing *Wright*, 982 F. Supp. 2d at 1294); *Wright*, 982 F. Supp. 2d at 1294-95 (approving a similar petition and fee-splitting agreement, even though the petition did not comply with all the "exact requirements of the Rule," including

the lack of two required signatures and failing to disclose in detail the services to be performed, as the "deficiencies in the [p]etition [we]re immaterial to the merits").

In this particular case, the Court finds that counsel has established a co-counsel relationship as described in the Comment to Rule 4-1.5. Based on their filings on the docket and representations in the Joint Motion, counsel has demonstrated that the 60%-40% fee arrangement is in proportion to the services performed by each of the firms, in which they state that they divided the work essentially between the personal injury claims and property damage claims, with Wooten responsible for handling the issues involved in the personal injury claims in the case and Fisher Rushmer taking the lead on the property damage claims. (*See* Doc. 94 at pp. 2-3). Counsel represents that each of their firms provided substantially active participation in providing legal services to Plaintiff and assumed joint legal responsibility for the representation of Plaintiff. (*See id*.). Counsel further represents that the fee arrangement was disclosed to Plaintiff in writing, that Plaintiff has no objection to the fee arrangement, and they included a signed agreement for authority to represent the Plaintiff attached to the Joint Motion, which evidences Plaintiff's consent and understanding of a contingency fee arrangement and specifies the basis on which the division of fees will be made between the firms. (*See id*. at p. 3; Doc. 94-1 at p. 3). Thus, for the foregoing reasons, the proposed division of fees will be approved.

## IV. CONCLUSION

Accordingly, the Joint Motion for Approval of Attorney Fee Division Pursuant to Rule 4-1.5(f)(4)(D), Rules Regulating the Florida Bar (Doc. 94) is **GRANTED**, provided that counsels' recovery of a contingent fee is limited to that allowed under Rule 4-1.5(f)(4)(B)(i) of the Rules Regulating the Florida Bar.[1]

**DONE** and **ORDERED** in Ocala, Florida on October 10, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] "Rule 4-1.5(f)(4)(B)(i) establishes a maximum contingency fee schedule[.]" *Wright*, 982 F. Supp. 2d at 1295; *see* Fla. R. Prof. Cond. 4-1.5(f)(4)(B)(i) (listing standards for contingency fees).